E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-2082-GHK (OPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *TDR Servicing LLC v. Glenda Finley* | | |

**Presiding: The Honorable**  **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Order to Show Cause

On November 28, 2012, Defendant Glenda Finley ("Finley") removed the above-titled unlawful detainer action to this Court. The Notice of Removal ("NOR") states that we have federal question jurisdiction.

We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation marks omitted) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). "[T]he federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Id.* at 838 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)).

Here, the state court complaint alleges only a claim for unlawful detainer under California law. Therefore, it does not appear that this case presents a federal question. In his NOR, Defendant appears to argue that we have federal jurisdiction because she filed a demurrer to the Complaint based on defective notice under the Protecting Tenants at Foreclosure Act. 12 U.S.C. § 5220. However, the "well-pleaded complaint rule" requires that the federal question appear on the face of the complaint, and federal law is not the grounds for relief in this unlawful detainer action, which is "a true state law claim." *Federal Nat. Mortg. Ass'n v. Thomere*, 2012 WL 6115880, *2 (C.D. Cal. 2012) (holding that "removal jurisdiction is lacking, even though Defendants intend to assert a defense based on federal law-specifically, 12 U.S.C. § 5220").

No basis for federal jurisdiction is evident on the face of the Complaint. The party seeking to establish jurisdiction bears the burden of providing such. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, Defendant is **ordered to show cause**, in writing, **within ten (10) days** hereof, why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendant's failure to timely and adequately show cause as required herein shall be

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-2082-GHK (OPx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | *TDR Servicing LLC v. Glenda Finley* | | |

deemed Defendant's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded.

**IT IS SO ORDERED.**

|  | -- : -- |
|---|---|
| Initials of Deputy Clerk | Bea |