E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-2082-GHK (OPx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | *TDR Servicing LLC v. Glenda Finley* | | |

**Presiding: The Honorable**  GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order Remanding Action to State Court

On November 28, 2012, Defendant Glenda Finley ("Finley") removed the above-titled unlawful detainer action to this Court. The Notice of Removal ("NOR") states that we have federal question jurisdiction, but the state court complaint alleges only a claim for unlawful detainer under California law. On January 22, 2013, we therefore ordered Defendant to show cause why this matter should not be remanded because this Court lacks subject matter jurisdiction. [Dkt. No. 5]. We warned Defendant that her failure to timely and adequately show cause would be deemed her admission that this Court lacks subject matter jurisdiction, and in that event, this action would be remanded. On February 1, 2013, Finley timely responded to our OSC ("Response"). Finley's Response does not address the jurisdictional issues we raised. Instead of identifying a federal question to support jurisdiction, the Response argues, without authority, that our OSC "may be premature." (Response at 2). The Response also argues that venue is proper and that we have supplemental jurisdiction "with respect to any remaining claims." (Id.) The Response thus appears to confuse venue and federal jurisdiction. Finally, the Defendant contends that this case presents "substantial constitutional questions." (Id.) But as we explained in our OSC, "the 'well-pleaded complaint rule' requires that the federal question appear on the face of the complaint, and federal law is not the grounds for relief in this unlawful detainer action, which is 'a true state law claim.'" (OSC at 1 (citing *Federal Nat. Mortg. Ass'n v. Thomere*, 2012 WL 6115880, *2 (C.D. Cal. 2012)). Thus, the Response fails to identify a basis for federal question jurisdiction, and we see none. Accordingly, this action is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

|  -- | : | -- |
|---|---|---|
| Initials of Deputy Clerk | | Bea |